IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-80393 |
| | ) | |
| JAMES EDWARD MUSGRAVE, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

## **ORDER**

Hearing was held in Omaha, Nebraska, on July 16, 2007, on Confirmation of Debtor's Chapter 13 Plan (Fil. #4), and an Objection thereto by the Chapter 13 Trustee (Fil. #12). Trinh Tran appeared for Debtor, and Marilyn Abbott appeared for the Chapter 13 Trustee. In addition, Jerry Jensen appeared on behalf of the United States Trustee in support of the Chapter 13 Trustee's objection.

Debtor owns a 1997 Saturn SL2 motor vehicle free and clear of liens. The Chapter 13 Trustee objected to Debtor's plan because, in calculating disposable income, Debtor claimed a vehicle ownership deduction of $471.00 using the Local Standards established by the Internal Revenue Service. The sole issue in dispute is whether Debtor is entitled for means test purposes to a vehicle ownership deduction for his motor vehicle, which he owns free and clear of liens. The Chapter 13 Trustee noted that this is a $16,000.00 issue. That is, if Debtor is not entitled to the vehicle ownership deduction, he would be required to return an additional $16,000.00 to unsecured creditors during the term of Debtor's plan.[1]

Since 1984, § 1325(b)(1) of the Bankruptcy Code has required that if an unsecured creditor or the Chapter 13 Trustee objects, a plan cannot be confirmed unless all claims are paid in full or the plan provides that all of the debtor's projected disposable income will be paid to unsecured creditors. While that concept is straightforward enough, bankruptcy courts have struggled over the years in determining what expenses are reasonably necessary for the debtor's maintenance or support when calculating projected disposable income. Such issues commonly arose in connection with higher income debtors with higher than normal expenses.

With the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Congress has removed some of the guesswork for bankruptcy judges. Under new 11 U.S.C. § 1325(b)(3), for above-median debtors, the expenses to be deducted in calculating disposable income "shall be determined" under Bankruptcy Code § 707(b)(2)(A) and (B). In October 2005, the Judicial Conference of the United States promulgated Official Form B22C to enable debtors to provide the

---

[1]The applicable Internal Revenue Service Local Standard vehicle ownership expense is $471.00 per month for one vehicle. After reducing such amount by $200.00 per month (the additional operating expense allowance allowed by the Chapter 13 Trustee in lieu of vehicle ownership expense) results in a net return to creditors over 60 months of $16,260.00.

information necessary to calculate whether the debtor's income is above or below the median, and if above, to calculate the deductions allowed by § 707(b)(2) and for calculation of monthly disposable income under § 1325(b)(2) and (3).  Under the form, the debtor's monthly expenses are certain monthly expense amounts specified under the Internal Revenue Service National Standards and Local Standards and the debtor's actual monthly expenses for categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides. Thus, Congress has basically substituted fixed National and Local Standards issued by the Internal Revenue Service for actual expenses in certain categories, prompting at least one court to refer to the means test as "a sort of parallel universe . . . ." *In re Gress*, 344 B.R. 919, 922 (Bankr. W.D. Mo. 2006). *See also In re Barr*, 341 B.R. 181, 185 (Bankr. M.D.N.C. 2006) (stating "[t]he use of 'shall' in section 1325(b)(3) is mandatory and leaves no discretion with respect to the expenses and deductions that are to be deducted in arriving at disposable income.").

Section 1325(b)(3) directs us to look at subparagraphs (A) and (B) of § 707(b)(2) when the debtor has above-median income, as does Debtor in this case.  Section 707(b)(2)(A)(ii)(I) discusses the items that may be deducted from the debtor's current monthly income, including:

> The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief . . . .

The Local Standard vehicle ownership deduction for one vehicle is $471.00.  It is the Chapter 13 Trustee's position that Debtor is only entitled to the Local Standard vehicle ownership deduction if Debtor has actual vehicle ownership expenses (separate from vehicle operating expenses). Essentially, the Chapter 13 Trustee and the U.S. Trustee are asking this Court to reconsider its ruling in *In re Herbert*, Case No. BK07-40224 (Bankr. D. Neb. May 21, 2007), which, in the Chapter 7 context, allowed the vehicle ownership deduction on the means test form for a vehicle owned free and clear of liens.

In particular, the Chapter 13 Trustee and the U.S. Trustee note that one of the cases relied upon by this Court in the *Herbert* decision, the case of *In re Sawdy*, 362 B.R. 898 (Bankr. E.D. Wis. 2007), is on appeal to the district court and that there is recent contrary authority in that district court.  However, as noted in the *Herbert* memorandum opinion, as well as in the *Sawdy* opinion, there are numerous decisions on each side of this issue.  Suffice it to say that for the reasons stated in the *Herbert* memorandum and order, it remains this Court's belief that the "applicable monthly expense amounts" refers to the Local Standard applicable to this Debtor, and not to the actual monthly expenses of Debtor.  If Congress had meant to only allow the deduction of    "actual" expenses in the Local Standard category, it would have said so as it did with the category of "Other Necessary Expenses.  Therefore, for purposes of calculating disposable income under the Chapter 13 means test, 11 U.S.C. § 707(b)(2)(A)(ii) allows Debtor to take the applicable monthly expense deduction dictated by the Internal Revenue Service's Local Standards for one vehicle, which is $471.00.  *See, In re Armstrong*, __ B.R. __, 2007 W.L. 1724955 at *4 (Bankr. E.D. Wash. June 12,

2007) (stating that the intent of the statute "was to require rote mathematical calculations based upon the geographic area in which the debtor resides and the number of vehicles.").

THEREFORE, IT IS ORDERED that the Chapter 13 Trustee's Objection to Confirmation (Fil. #12) is overruled.  Debtor's Chapter 13 plan will be confirmed by separate order.

DATED:  July 19, 2007.

BY THE COURT:

 /s/ *Thomas L. Saladino*
United States Bankruptcy Judge

Notice given by the Court to:
    *Trinh Tran
    Marilyn Abbott/Kathleen Laughlin
    Jerry Jensen/U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.